UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SANGO,

    Plaintiff,

    v.                      Civil No. 2:14-CV-14060
                          HONORABLE ARTHUR J. TARNOW
                          UNITED STATES DISTRICT JUDGE

DAVID R. GRAND, et. al.,

    Defendants,
_____/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING COMPLAINT**

**I. INTRODUCTION**

    This matter is before the Court on plaintiff's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a motion for a temporary restraining order. Plaintiff is an inmate confined at the Ionia Maximum Correctional Facility in Ionia, Michigan. Upon review of plaintiff's case and his litigation history in the federal courts, this Court concludes that his case must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

**II. DISCUSSION**

    Title 28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 ...." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). Plaintiff failed to provide the $350.00 filing fee when he filed his complaint.

    The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full

1

amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000). Because plaintiff did not submit the necessary $350.00 filing fee for a civil action, the Court will construe his complaint as a request to proceed *in forma pauperis*. *See Nance v. Brownlee,* No. 07-CV-00208, 2007 WL 1289909, p. 1 (W.D. Va. May 1, 2007).

A search of federal court records indicates that plaintiff has five prior civil rights complaints that have been dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Sango v. Lewis,* No. 1:14-CV-342, 2014 WL 3574315 (W.D. Mich. July 18, 2014); *Sango v. Huss,* No. 1:14-CV-2, 2014 WL 2616592 (W.D. Mich. June 12, 2014); *Sango v. Miniard,* No. 1:14-CV-344, 2014 WL 2586330 (W.D. Mich. June 10, 2014); *Sango v. Hammond,* No. 1:14-CV-283, 2014 WL 1794416 (W.D. Mich. May 6, 2014); *Sango v. Novak,* No. 1:14-CV-343, 2014 WL 1631934 (W.D. Mich. April 23, 2014). Plaintiff has also been denied leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), the "three-strikes" rule, in another case. *Sango v. Wakley,* No. 1:14-CV-703 (W.D. Mich. July 8, 2014).

Under the PLRA, a federal court may dismiss a case if, on 3 or more previous occasions, a federal court dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state a claim for which relief may be granted. *See*, 28 U.S.C. § 1915(g) (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999); *Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997). The three strikes provision of the PLRA prohibits a prisoner, who has had

three prior suits dismissed for being frivolous, from proceeding *in forma pauperis* in a civil rights suit absent an allegation that the prisoner is in imminent danger of serious physical injury. *See Clemons v. Young,* 240 F. Supp. 2d 639, 641 (E.D. Mich. 2003). A federal district court may *sua sponte* raise the three strikes provision of the PLRA on its own initiative. *Witzke,* 966 F. Supp. at 539.

Plaintiff has at least five prior civil rights complaints which were dismissed for being frivolous, malicious, or failing to state a claim upon which relief could be granted. More importantly, plaintiff was subsequently advised by a federal district judge that he was precluded from proceeding *in forma pauperis* pursuant to § 1915(g) because of these prior dismissals.

As the Seventh Circuit has noted: "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *Sloan v. Lesza,* 181 F.3d 857, 859 (7th Cir. 1999). Plaintiff has committed what amounts to a fraud upon this Court by requesting *in forma pauperis* status without revealing that other federal judges have previously precluded him from proceeding *in forma pauperis* pursuant to § 1915(g). *See Campbell v. City of Chicago,* 179 F. App'x. 395, 396 (7th Cir. 2006)*; See also Fields v. Gilmore,* 145 F. Supp. 2d 961, 963 (C.D. Ill. 2001); *Ward v. King,* U.S.D.C. No. 08-CV-15061, 2009 WL 367859, p. 2 (E.D. Mich. February 12, 2009); *Demos v. U.S.,* U.S.D.C. No. 2:08-CV-13965, 2008 WL 4387327, pp. 2-3 (E.D. Mich. September 24, 2008); *State Treasurer v. Garrison*, U.S.D.C. No. 2:08-CV-13018, 2008 WL 2831241, p. 2 (E.D.Mich. July 21, 2008).

Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception to the

mandate of 28 U.S.C.§ 1915(g), which prohibits him from proceeding *in forma pauperis* in light of his five prior frivolity dismissals. *Mulazim v. Michigan Dept. of Corrections,* 28 F. App'x. 470, 472 (6th Cir. 2002). Although plaintiff claims that his life is in danger because various unnamed prison guards have encouraged various gang members at the Ionia Maximum Facility to stab plaintiff, a district court may deny a prisoner leave to proceed pursuant to § 1915(g) when that prisoner's claims of imminent danger are "conclusory or ridiculous," or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Rittner v. Kinder*, 290 F. App'x. 796, 798 (6th Cir. 2008)(internal quotations omitted). Plaintiff is not entitled to invoke the imminent danger exception to § 1915(g), because his complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury or are delusional, irrational, or wholly incredible. *Id.* Plaintiff's conclusory allegations that people are trying to kill him are completely unsupported by any evidentiary material, thus, he is not entitled to invoke the imminent danger exception to § 1915(g). *See Chance v. Tennessee,* 47 F. App'x. 762, 763 (6th Cir. 2002).

      The Court further notes that the two defendants named in the complaint are a magistrate judge and court clerk who work at the United States District Court for the Eastern District of Michigan. Plaintiff is not entitled to invoke the imminent danger exception, since his complaint targets persons whom plaintiff has failed to show have any control over his current conditions of confinement at the Ionia Maximum Correctional Facility. *See Day v. Maynard*, 200 F. 3d 665, 667 (10th Cir. 1999); *Peoples v. Gilbert,* No. 01-CV-72895-DT, 2001 WL 1219070, p. 2 (E.D. Mich. September 14, 2001).

      Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g).

Because plaintiff is barred from filing this action without prepayment of fees pursuant to 28 U.S.C. § 1915(g), the Court will also deny plaintiff's request for injunctive relief. *See e.g. Alea v. Dennis,* 83 F. App'x. 115 (6th Cir. 2003).

Plaintiff has had five prior cases dismissed against him for being frivolous, malicious, or failing to state a claim, thus, 1915(g) bars him from appealing *in forma pauperis. See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805-806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

### III. CONCLUSION

IT IS HEREBY **ORDERED** that Plaintiff's *in forma pauperis* status is **DENIED** and the complaint [Dkt. # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER **ORDERED** AND CERTIFIED that any appeal taken by the plaintiff would not be done in good faith.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: October 31, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 31, 2014, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Assistant